UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| BONNIE SMITH SWEARINGEN, by BERNIE SMITH, the Plenary Co-Guardian of the Estate of Bonnie Smith Swearingen, and TARA SMITH, | ) ) ) ) ) |
| Plaintiffs, | ) Case No. 4-17-cv-00058-TWP-DML ) |
| ROBERT LENARD, JR. and DONNA KAY LENARD, | ) ) ) |
| Defendants. | ) |

## Report and Recommendation on Motions filed by Plaintiffs

This litigation concerns property alleged to have been wrongfully taken from Bonnie Smith Swearingen by Robert Lenard, Jr. and Donna Kay Lenard. Bonnie Smith Swearingen is under a guardianship ordered by an Illinois state court, but she resides at a skilled nursing facility in Indiana. She has two co-guardians: Bernie Smith and Deena Davis. One of her co-guardians, Bernie Smith (and his wife, Tara Smith) filed the complaint and is proceeding *pro se*.

The defendants have filed a motion to dismiss or, alternatively, to transfer venue to the Southern District of Illinois, Benton Division. They have raised numerous grounds for dismissal, including lack of diversity of citizenship, lack of personal jurisdiction over the defendants, and the failure to join a necessary party (the other co-guardian). In response to the defendants' motion to dismiss or to transfer, co-guardian Bernie Smith and his wife, Tara Smith, have filed motions seeking relief they believe will cure some or all of the problems raised by the

defendants. Among other things, Bernie Smith agrees with the defendants that this case should be transferred to the Southern District of Illinois (although he states that the proper division is the East St. Louis, Illinois division). As explained below, this court agrees with both Mr. Smith and the defendants that transfer of venue to the Southern District of Illinois is appropriate. The magistrate judge recommends that the district judge GRANT the defendants' and the plaintiff's requests to transfer venue.

After transfer is effected, the transferee court can address as appropriate the other issues raised by the parties' motions, namely, (1) whether Tara Smith's name should be removed from the caption, and whether that removal cures *ab initio* the diversity jurisdiction issue raised by the defendants[1] and (2) whether co-guardian Deena Davis must be joined as either a defendant or involuntary plaintiff.

---

[1] The defendants are citizens of Illinois. Both Bernie Smith and his wife, Tara Smith, are also citizens of Illinois, but neither Bernie Smith nor Tara Smith is bringing a claim in an individual capacity. All claims are being brought by Bernie Smith in his representative capacity as a co-guardian of the estate of his mother, Bonnie Smith Swearingen. A guardian who brings suit in that capacity has the citizenship of his ward. 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent"). The parties apparently agree that Bonnie Smith Swearingen is a citizen of Indiana, where she lives in a skilled nursing facility. Tara Smith is not bringing any claims at all. Her name was added to the caption because she plans to serve as a sounding board and advisor to her husband as he litigates the claims as a guardian. It appears to this court that Tara Smith—who is not seeking any relief whatsoever and has no capacity to seek relief—is not really a plaintiff at all. But the issue whether Tara Smith should be dropped from the caption and whether the court can thus exercise diversity jurisdiction can be addressed by the transferee court.

## Analysis

### I. Venue is improper in this district.

Venue asks where a suit may be brought. Under the general venue statute, 28 U.S.C. § 1391, and as applicable to this case, a civil action may be brought in (1) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated," or if there is no such district, then (2) a district in which any defendant is subject to the court's personal jurisdiction. *Id.* § 1391(b)(2), (3). The Southern District of Indiana does not meet either of these criteria. This court's only connection to this case is that the ward on whose behalf the complaint is brought lives in a nursing facility in the Southern District of Indiana. None of the acts by which the defendants are alleged to have wrongfully taken the ward's property occurred in this district, or in the state of Indiana. All of the events underlying Mr. Smith's claims occurred in Illinois. The city of McLeansboro, Illinois is where all the property was situated when the defendants allegedly wrongfully took it. That city is within Hamilton County, Illinois, which is within the Benton Division of the Southern District of Illinois. Illinois is also the state of domicile and citizenship of each of the defendants.

Because none of the salient events and none of the property underlying the complaint occurred or were situated in this district and because the court could not exercise general or specific personal jurisdiction over the defendants, the court finds that the Southern District of Indiana is an improper venue for this litigation.

## II. Section 1406(a) governs suits filed in an improper venue.

When venue is not proper in the filed district, 28 U.S.C. § 1406(a) gives the court two choices: It "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which [the case] could have been brought." Plaintiff Bernie Smith requests that a transfer be made to the Southern District of Illinois, in East St. Louis, Illinois. The defendants agree that transfer to the Southern District of Illinois is appropriate, though they suggest that its Benton, Illinois Division is the correct division. The city of McLeansboro, Illinois (where the underlying events occurred and where the subject property was sited) is within the Benton Division.

The court finds that it is in the interest of justice to transfer this case to a district of proper venue, rather than to dismiss it. Mr. Smith is a *pro se* litigant, and he may not reasonably have known that venue was not proper in the Southern District of Indiana. In *pro se* cases, courts have tended to transfer, rather than dismiss, a case filed in an improper venue. *See Continental Ins. Co. v. M/V Orsula,* 354 F.3d 603, 608 (7th Cir. 2003) (in upholding dismissal, rather than transfer, under section 1406(a), court emphasized that the venue chosen by the plaintiff was "an obvious mistake made by a sophisticated party with representation"); *Farmer v. Levenson,* 79 Fed. Appx. 918, 923 (7th Cir. 2003) (unpublished) (reversing dismissal and ordering transfer under section 1406(a) when it appeared under the facts that

*pro se* plaintiffs' bringing of suit in wrong district was "mistake that was easy to commit").[2]

## Conclusion

The parties' requests to transfer venue should be granted. The magistrate judge determines that venue in this district is not proper under 28 U.S.C. § 1391(b), that transfer rather than dismissal is appropriate under 28 U.S.C. § 1406(a), and that this case should be transferred to the Southern District of Illinois, at Benton, Illinois.

After transfer, the transferee court can decide the remaining pending issues between the parties: (1) whether Tara Smith's name should be removed from the caption, and whether that removal cures *ab initio* the diversity jurisdiction issue raised by the defendants and (2) whether co-guardian Deena Davis must be joined as either a defendant or involuntary plaintiff.

Any objections to this Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The failure to file objections within fourteen days after service will constitute a waiver of subsequent review absent a showing of good cause for that failure. The parties should not anticipate any extension of this deadline or any other related briefing deadlines.

So ORDERED.

Date: 5/24/17

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

---

[2] Transfer to the Southern District of Illinois will moot the defendants' personal jurisdiction argument. They agree they are subject to general personal jurisdiction in Illinois.

Distribution:

All ECF-registered counsel of record by email through the court's ECF system

Via first class U.S. mail:

Bernie Smith and Tara Smith
4469 State Road 14
McLeansboro, IL 62859